IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLES E. DAVIS, et al.          )
                                  )   Case No. 1:16-cv-2755
    Plaintiffs,               )
                                  )
v.                                )
                                  )
LARRY AUSTIN, et al.              )
                                  )
    Defendants.               )
                                  )

**AMENDED ANSWER AND CROSSCLAIM OF THE UNITED STATES**

The United States of America answers the allegations of the complaint as follows

**AFFIRMATIVE DEFENSES**

The Court lacks subject matter jurisdiction over this action. Alternatively, the complaint fails to state a claim upon which this Court may grant relief. There is no legal basis to allow plaintiffs or defendants in this action to avoid or discharge the federal tax liens held by the United States referenced below as they pertain to the Real Estate at issue in this litigation.

**ANSWER**

**COUNT I**

I.    The United States lacks knowledge or information sufficient to form a belief about the truth of this allegation.

II.    The United States lacks knowledge or information sufficient to form a belief about the truth of this allegation.

III.    The United States lacks knowledge or information sufficient to form a belief about the truth of this allegation.

1

IV. The United States lacks knowledge or information sufficient to form a belief about the truth of this allegation.

V. The United States lacks knowledge or information sufficient to form a belief about the truth of this allegation.

VI. The United States lacks knowledge or information sufficient to form a belief about the truth of this allegation.

VII. The United States lacks knowledge or information sufficient to form a belief about the truth of this allegation.

VIII. The United States further responds as follows:

A. The United States lacks knowledge or information sufficient to form a belief about the truth of this allegation.

B. The United States lacks knowledge or information sufficient to form a belief about the truth of this allegation.

C. The United States lacks knowledge or information sufficient to form a belief about the truth of this allegation.

**COUNT II**

IX. The United States incorporates its responses above as if fully stated herein.

X. The United States admits the allegations contained in this paragraph.

XI. The United States admits the allegations contained in this paragraph.

XII. The United States lacks knowledge or information sufficient to form a belief about the truth of this allegation.

XIII. The United States lacks knowledge or information sufficient to form a belief about the truth of this allegation.

XIV. The United States lacks knowledge or information sufficient to form a belief about the truth of this allegation.

XV. The United States lacks knowledge or information sufficient to form a belief about the truth of this allegation.

XVI. This allegation in part states a legal conclusion. To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief about the truth of this allegation.

XVII. The United States lacks knowledge or information sufficient to form a belief about the truth of this allegation.

XVIII. The United States admits there are liens that have attached to the Defendants' interest in property. The United States lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

XIX. The United States responds as follows:

    A. The United States admits this allegation.

    B. The United States admits this allegation.

    C. The United States admits this allegation.

XX. The United States admits this allegation.

    A. The United States admits this allegation.

XXI. The United States lacks knowledge or information sufficient to form a belief about the truth of this allegation.

XXII. This allegation in part states a legal conclusion. To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief about the truth of this allegation.

XXIII. This allegation in part states a legal conclusion. The United States admits that 28 U.S.C. § 2410(a) permits actions affecting property on which the United States has a lien to be brought in state court under certain conditions. To the extent any additional response is required, the United States denies this allegation.

XXIV. This allegation in part states a legal conclusion. To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief about the truth of this allegation.

XXV. The United States lacks knowledge or information sufficient to form a belief about the truth of this allegation.

WHEREFORE, the United States requests that this Court:

A.  Order that the parties may not avoid and discharge the federal tax liens of the United States of America;

B.  Award the United States of America its costs of prosecuting this action; and

C.  Other such relief as is just and proper.

# CROSSCLAIM OF THE UNITED STATES OF AMERICA AGAINST LARRY J. AUSTIN

The United States of America, pursuant to Federal Rule of Civil Procedure 12, hereby crossclaims against Larry J. Austin, and in support thereof, states as follows:

XXVI. The United States incorporates its responses above as if fully stated herein.

XXVII. The United States brings this crossclaim against Larry J. Austin to enforce the federal tax liens that encumber the subject real property, which is described in paragraph II and Exhibit A of the complaint (the "Real Property").

XXVIII. The United States filed a notice of federal tax lien against Larry J. Austin in Mercer County, West Virginia, on December 23, 2011, that correspond to the following assessments made against Larry J. Austin for the below-listed federal taxes and taxable periods:

| Year | Type of Liability | Assessment Date | Assessed Amount | Liability as of 4/18/16 |
|---|---|---|---|---|
| 2005 | Income tax | 10/9/2005 | $136,240.25 | $153,482.88 |
| 2000 | § 6651(f) penalty | 8/31/2009 | $160,248.00 | $259,768.44 |
| 2001 | § 6651(f) penalty | 8/31/2009 | $180,638.25 | $271,989.28 |
| 2002 | § 6651(f) penalty | 8/31/2009 | $2,117.25 | $3,027.36 |
| 2003 | § 6651(f) penalty | 8/31/2009 | $46,926.75 | $64,279.61 |
| 2004 | § 6651(f) penalty | 8/31/2009 | $289,641.75 | $375,214.15 |
| 2005 | § 6651(f) penalty | 8/31/2009 | $67,842.00 | $81,704.53 |
| | | | **Total delinquent liabilities:** | **$1,192,223.62** |

XXIX. Timely notices and demands for payment of the liabilities described above were given to Larry J. Austin.

XXX. Despite notice and demand for payment of the liabilities described above, Larry J. Austin has neglected or refused to fully pay those tax liabilities.

XXXI. Statutory additions and penalties, interest, and costs will continue to accrue on the unpaid balances of the assessments described above until they are paid in full.

XXXII. By reason of the tax liabilities described above, federal tax liens arose under 26 U.S.C. §§ 6321 and 6322 and attached to all property and rights to property then owned or thereafter acquired by Larry J. Austin, including his interest in the Real Property.

XXXIII. Larry J. Austin owns an undivided 12.5% interest in the Real Property.

XXXIV. The United States is entitled to foreclose its tax liens against interest of Larry J. Austin in the Real Property; to have the Real Property sold; and to have the sales proceeds applied to the unpaid balance of Larry J. Austin's unpaid federal tax liabilities.

WHEREFORE, the United States requests that this Court:

D. Adjudge, determine, and decree that federal tax liens with respect to the unpaid federal taxes and statutory additions to tax encumber the interest of Larry J. Austin in the Real Property;

E. Order that the federal tax liens with respect to the unpaid federal tax liabilities of Larry J. Austin be foreclosed against his interest in the Real Properly;

F. Order that the real property at issue in this complaint be sold;

G. Order that the United States of America receive all proceeds of this sale otherwise distributable to Larry J. Austin, in partial satisfaction of the federal tax liens filed against him;

H.  Award the United States of America its costs of prosecuting this action; and

I.  Other such relief as is just and proper.

Respectfully Submitted,

Dated: May 31, 2016

CAROLINE D. CIRAOLO
Acting Assistant Attorney General

/s/ Kyle L. Bishop
KYLE L. BISHOP
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Ben Franklin Station
Washington, D.C. 20044
Telephone: 202-616-1878
Email: kyle.l.bishop@usdoj.gov

CAROL A. CASTO
Acting United States Attorney

/s/ Gary L. Call
GARY L. CALL
Assistant United States Attorney
WV State Bar No. 589
P.O. Box 1713
Charleston, West Virginia 25326
T: 304/345-2200
F: 304/347-5440
E: gary.call@usdoj.gov

# CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing was filed on May 31, 2016, via the Court's ECF system, which will provide notice to all parties registered to receive such notice. In addition, I served upon the following by depositing a copy thereof in the United States mail, postage prepaid, addressed as follows:

**Counsel for Plaintiffs:**
Harold B. Wolfe III
1422 Main Street
Princeton, WV 24740

**Counsel for Defendants Helen Austin Ryan, Ellen Friend, and Rodney Hubbard:**

William S. Winfrey, II
1608 W. Main St.
Princeton, WV 24740

**Counsel for Defendants Larry Austin and Raymond Austin:**

Robert E. Holroyd
1438 Main St.
Princeton, WV 24740

**Defendant Equable Ascent Financial:**
Equable Ascent Financial
PO Box 300
Buffalo, WV 25033