UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

CURTIS E. DAVIS, TRUSTEE U/W/A
DATED JULY 15, 1997 AND; AND REBA
M. DAVIS, HIS WIFE;

        Plaintiffs,                            Case No. 1:16-cv-02755

v.

LARRY AUSTIN, ELLEN FRIEND,
HELEN AUSTIN RYAN, RAYMOND
AUSTIN, heirs of Otella Austin,
VIRGIL W. DAVIS, RODNEY HUBBARD,
d/b/a RODNEY HUBBARD & SON LOGGING,
UNITED STATES OF AMERICA
DEPARTMENT OF TREASURY,
INTERNAL REVENUE SERVICE, and
EQUITABLE ASCENT FINANCIAL,

        Defendants,

and

UNITED STATES OF AMERICA,

        Cross-claimant,

v.

LARRY AUSTIN,

        Cross-claim Defendant.

## ORDER

On August 29, 2017 came the parties all for a hearing on Defendant/Cross-claim Defendant Larry Austin's *Motion to Reconsider this Court's February 15, 2017 Sanction Order.* (Document No. 62.) Appearing for Plaintiffs Curtis E. Davis, Trustee and Reba M. Davis, Harold B. Wolfe, III, Esq., for Defendants Ellen Friend, Helen Austin Ryan, and

1

Rodney Hubbard d/b/a Rodney Hubbard & Son Logging, William S. Winfrey, II, Esq., for Defendant Raymond Austin, Robert B. Holroyd, Esq., for Defendant Larry Austin (hereinafter "Larry Austin"), Patrick C. Timony, Esq. and Floyd E. Boone, Jr., Esq., and for the United States of America, Internal Revenue Service Tax Division (hereinafter "IRS"), Kyle Lamar Bishop, Esq., Trial Attorney, Tax Division, and Gary Call, Esq., Assistant U.S. Attorney. After hearing the arguments of counsel, the pleadings filed in support of same, and having reviewed the pertinent legal authorities, the Court **FINDS** as follows:

## Background

This action was removed from the Circuit Court of Mercer County wherein Plaintiffs were seeking to partition their one fourth undivided interest in real property situate in Mercer County, West Virginia. (Document Nos. 1 and 1-3.) This real estate concerns property in which Defendants Ellen Friend, Helen Austin Ryan, and Raymond Austin as well as Larry Austin have a one-half undivided interest. (Document No. 1-3 at 2.) The main issue in the case at bar concerns three federal tax liens against Larry Austin that Plaintiffs asserted are not applicable to their interest in the real estate. (Id. at 8-11.) Although the parties reached a settlement on April 6, 2017 with mediator Lane O. Austin, Esq. (Document No. 54.), the settlement agreement is unable to be submitted to the Court to dispose of this case because since then, Larry Austin moved this Court to vacate its Order granting the IRS motion for sanctions, which if granted, negatively impacts the settlement that all the remaining parties to this action, including the IRS, have achieved after several years of litigation.

## Procedural History

Pursuant to this Court's Scheduling Order entered on July 28, 2016, the IRS propounded discovery requests unto the individual Defendants herein, with same to be completed no later than

September 30, 2016. (Document No. 19.) Defendants Larry Austin and Raymond Austin, by counsel Robert E. Holroyd, Esq., filed their certificate of service concerning pre-discovery disclosures on August 10, 2016. (Document No. 22.) On September 15, 2016, the IRS filed its Motion to extend discovery deadlines; the Court granted the Motion and issued a modified Scheduling Order, entered on October 4, 2016. (Document Nos. 27 and 28.) Of interest here, the Scheduling Order explicitly provides that "The parties shall complete all discovery requests by **December 29, 2016**, and all depositions by **February 13, 2017**." (Document No. 28 at 1; bold in original.) On October 28, 2016, the IRS filed certificates of service requesting discovery from each individual Defendants, including Larry Austin though his then-counsel, Robert E. Holroyd, Esq. (Document No. 33.) Larry Austin filed a certificate of service as evidence of his timely response to the IRS's inquiries on November 10, 2016, via his then-counsel, Robert E. Holroyd, Esq. (Document No. 36.)

On December 22, 2016, the IRS filed a certificate of service for its Second Set of Interrogatories and Requests for Production Propounded to Larry Austin to his counsel, Robert E. Holroyd. (Document No. 41.) The same day, the IRS filed a Notice of Deposition of Larry Austin for February 8, 2017 to take place in Washington, D.C. (Document No. 42.) On January 3, 2017, Robert E. Holroyd moved to withdraw as Larry Austin's counsel, because he had no contact with his client and no known address or phone number for him.[1] (Document No. 43.) On January 13, 2017, the IRS filed its response, indicating that it had no objection to the motion to withdraw, but

---

[1] Mr. Holroyd explained that this case had been pending for many years and that since this lawsuit was started, he has had no mailing address or telephone number for Larry Austin, though he would occasionally call Mr. Holroyd to "discuss" the case and talk of other things. (Document No. 43 at 2.) However, Mr. Holroyd's primary client is Defendant Raymond Austin, Larry Austin's brother, and Mr. Holroyd had been representing Larry Austin "by charity" since he was more or less "along for the ride." (Id.) It was understood that the partition suit should have been a fairly straight forward enterprise, as the large tax liens against Larry Austin far exceed the value of his interest in the real property subject to this action. (Id.)

requested Mr. Holroyd provide the last known address and phone number he had for Larry Austin. (Document No. 44.) On January 13, 2017, this Court granted Mr. Holroyd's motion, and Larry Austin's last known mailing address and phone number were updated to CM/ECF as an unrepresented party.[2] (Document No. 45.)

On January 25, 2017, the IRS filed a motion to compel Larry Austin to respond to its Second Request for Interrogatories and Production. (Document No. 46.) This Court granted the motion for good cause shown, and specifically ordered Larry Austin to respond to the IRS's Second Request no later than 24 hours prior to his scheduled deposition, February 8, 2017. (Document No. 47.) On February 9, 2017, the IRS filed a motion requesting sanction of default, asserting that Larry Austin failed to respond to its Second Request for discovery, that he failed to comply with this Court's order compelling him to respond to the IRS's Second Request, and that he failed to appear for his deposition the day before. (Document No. 49.) Larry Austin did not respond to the IRS's Motion. On February 25, 2017, the Court granted the IRS's Motion for sanctions. (Document No. 50.)

On February 16, 2017, Plaintiffs filed a Notice of Mediation, before Lane O. Austin, Esq. on April 6, 2017, however, there was no indication that this was sent to Larry Austin, though Plaintiffs' certificate of service indicated that it was sent to his former counsel, Mr. Holroyd. (Document No. 51.) By letter dated April 6, 2017, Lane O. Austin, Esq. informed the Court that the matter had settled. (Document No. 54.)

On April 17, 2017, current counsel for Larry Austin filed their notice of appearance and notice of appeal to the United States Court of Appeals for the Fourth Circuit. (Document Nos. 55

---

[2] The address provided for Larry Austin was 8901 Valley Forge Drive, Alexandria, VA 22309. Mail sent to this address was "returned as undeliverable". (Document Nos. 52 and 53.) However, the phone number provided for Larry Austin was correct.

and 56.) By Order entered June 13, 2017, the Fourth Circuit dismissed Larry Austin's appeal for lack of jurisdiction, as this Court's February 15, 2017 Order was not a final order. (Document No. 59.) Subsequently, on July 19, 2017, Larry Austin filed his Motion to Reconsider the February 15, 2017 Order. (Document No. 62.) The IRS filed a Response (Document No. 65.), to which Larry Austin filed his Reply. (Document No. 67.)

**Preliminary Matters**

There are several matters that are not in dispute or contested: (1) the total of the IRS's tax lien subject to the February 15, 2017 Order is $1,192,223.62; (2) this tax lien is against Larry Austin only; (3) this civil action is the latest in a long history of protracted litigation between the IRS and Larry Austin that goes back several years; (4) Larry Austin's interest in the subject real estate is estimated to be valued at $30,000.00; (5) Plaintiffs and those Defendants who participated in the mediation with the IRS do not want the settlement disturbed;[3] and (6) this settlement is the product of several years of numerous negotiations which has been held up due to the IRS tax liens against Larry Austin's share of the real estate.

**Relevant Law**

This Court granted the IRS's Motion for Sanctions due to Larry Austin's failure to respond to discovery requests as well as for noncompliance with its Order compelling him to respond to discovery. The Fourth Circuit has provided six factors for a court to consider when imposing sanctions against a party:

> (1) the degree of the wrongdoer's culpability; (2) the extent of the client's blameworthiness if the wrongful conduct is committed by its attorney, recognizing that we seldom dismiss claims against blameless clients; (3) the prejudice to the judicial process and the administration of justice; (4) the prejudice to the victim; (5) the availability of other sanctions to rectify the wrong by punishing culpable

---

[3] Defendant Larry Austin, by counsel, conceded during the Motion hearing that his intent was not to set aside the settlement that was reached by Plaintiffs and co-Defendants.

persons, compensating harmed persons, and deterring similar conduct in the future;
and (6) the public interest.

See, United States v. Shaffer Equip. Co., 11 F.3d 450, 461 (4th Cir. 1993). In addition, the Court

must consider the following four factors when issuing sanctions against a party for discovery

violations:

> (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice
> his noncompliance caused his adversary, which necessarily includes an inquiry into
> the materiality of the evidence he failed to produce; (3) the need for deterrence of
> the particular sort of noncompliance; and (4) the effectiveness of less drastic
> sanctions.

See, Mut. Fed. Sav. and Loan Ass'n v. Richards & Assoc., Inc., 872 F.2d 88, 92 (4th Cir. 1989).

### Larry Austin's Motion to Reconsider

There are three main arguments Larry Austin asserts in support of his Motion: one, that

there is no evidence he acted in bad faith in failing to respond to discovery or when he did not

appear for his deposition; two, that the IRS cannot show that it suffered incurable prejudice due to

his failure to respond to its discovery requests; and three, he received no warning from this Court

that it was contemplating sanctions, a requirement pursuant to Fourth Circuit jurisprudence.

(Document Nos. 62 at 2 and 63 at 2.)

With regard to bad faith, Larry Austin argues that there is no evidence that he "willfully

disobeyed" any of this Court's discovery directives, and the fact that his attorney, Mr. Holroyd

withdrew because he had no contact with him demonstrates that he had no idea of the discovery

responses required of him. (Document No. 63 at 7-9.) Next, Larry Austin contends the IRS has not

shown any incurable prejudice, and over the years, the IRS has audited him, his banks and business

associates, and should already have all the information it needs, but now that Larry Austin is aware

of the discovery requests, any prejudice can be cured. (Id. at 9-10.) Finally, Larry Austin asserts

that this Court never warned him that it would issue sanctions against him and argues that Fourth

Circuit precedent requires that a threat of sanction must be explicit and clear, but in this case, he received no such warning. (<u>Id</u>. at 10-11.) In sum, because he never received the discovery at issue, or a warning to respond to discovery lest sanctions be issued, Larry Austin asks this Court to vacate its February 15, 2017 Order. (<u>Id</u>. at 11.)

### IRS Response in Opposition

Pursuant to the <u>Shaffer</u> factors, *supra*, the IRS argues that Larry Austin was solely responsible for his own discovery failures; he made himself unavailable to Plaintiffs' counsel, to the other parties, to the Court, as well as to his own counsel. (Document No. 65 at 9.) The IRS points out that Larry Austin is an attorney and once had a "high-powered international law practice" by his own admission, and therefore would be very aware of his responsibilities to the ongoing litigation and as such did not exercise reasonable diligence in keeping himself apprised of this proceeding. (<u>Id</u>.)

Next, the IRS states that there is no evidence that any attorney in this case was responsible for Larry Austin's failure to abide by this Court's discovery directives; he had no counsel at the time he failed to honor this Court's order. (<u>Id</u>. at 10.)

The IRS argues that prejudice has been demonstrated as a result of Larry Austin's own conduct: he did not participate in discovery, which frustrated the IRS's ability to prosecute its cross claim, which also disrupted this Court's administration of judicial process, thereby unreasonably delaying this litigation, and as a result, the trial in this matter was delayed. (<u>Id</u>. at 10-11.) Moreover, Larry Austin's previous conduct in Tax Court indicates his predisposition for abusing judicial processes by violating court orders and causing needless delays in litigation. (<u>Id</u>. at 11.) Importantly, the other parties to this litigation have been prejudiced by Larry Austin's conduct, who reasonably believed that these matters have finally been resolved after years of litigation. (<u>Id</u>.)

Additionally, the IRS contends there were no other sanctions the Court had at its disposal that would have compelled Larry Austin to respond to discovery or to participate in this litigation; he unilaterally suspended progress in these proceedings by making himself unavailable. (<u>Id</u>. at 12-13.) Finally, the IRS argues the sanction issued against Larry Austin fulfills a public interest because it not only deters him, but also others who would ignore the rules and procedures inherent in federal litigation. (<u>Id</u>. at 13.) Should this Court grant his motion to reconsider, it harms the other litigants in this case, not Larry Austin. (<u>Id</u>.) The Court should uphold its sanction against Larry Austin because it finally brings this litigation to a close that involved not only the IRS's interests, but also his family's interests in the real estate at the center of this action. (<u>Id</u>.)

In response to Larry Austin's arguments, the IRS argues that sanctions have been approved by the Supreme Court, by the Fourth Circuit and courts within this Circuit where a party's attorney acted with willful blindness by ignoring court filings, whereas in this case, the Court has even more justification for sanctions because Larry Austin himself chose to be willfully blind to these proceedings.[4] (<u>Id</u>. at 14-15.) Larry Austin's refusal to communicate with his own attorney, with this Court, and to return phone messages from the IRS is evidence of his willful blindness and the product of his own strategic decision to remain unaware of discovery requests and ultimately, this Court's imposition of sanctions against him. (<u>Id</u>. at 15.)

The IRS also asserts that contrary to Larry Austin's argument that incurable prejudice is necessary prior to the imposition of sanctions, there is no legal requirement for it, if not an impossible standard to meet, and lesser forms of prejudice have warranted sanctions. (<u>Id</u>. at 16.)

---

[4] <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32 (1991); <u>United States v. Shaffer Equip. Co.</u>, 11 F.3d 450 (4th Cir. 1993); <u>Robinson v. Wix Filtration Corp.</u>, LLC, 599 F.3d 403 (4th Cir. 2010); <u>Suntrust Mortg., Inc., v. United Guar. Corp.</u>, case no. 3:09-cv-529, 2011 WL 1225989 at *21-22 (E.D. Va. Mar. 29, 2011).

Finally, the IRS points out that the Court had no method of contacting Larry Austin to warn him of sanctions because of his own actions. (<u>Id</u>.) Should the Court adopt Larry Austin's reasoning, any litigant can remain out of contact to evade judgment, and this is simply not the law; Larry Austin received proper notice under the Federal Rules of Civil Procedure and had time to respond, it was his choice not to do so. (<u>Id</u>. at 17.)

The IRS asks this Court to deny the Motion to Reconsider. (<u>Id</u>. at 18.)

**Larry Austin's Reply in Support of Motion to Reconsider**

Larry Austin demonstrates that there are four indisputable facts in this case: (1) that the IRS did not timely serve him with discovery; (2) that Larry Austin's alleged inactivity in this case only spanned a little more than a month; (3) the IRS's phone messages did not reference discovery, but generically asked Larry Austin to discuss the case; and (4) Larry Austin never received any discovery, any notice of deposition, any of the pleadings, or the Sanction Order. (Document No. 67 at 2.)

Larry Austin argues that the state court docket shows that he has actively participated in this ten-year long litigation, indicating that he did not ignore this matter as the IRS claims. (<u>Id</u>. at 6.) He knew nothing about the IRS's discovery requests and only learned about the Sanction Order from his sister on April 14, 2017. (<u>Id</u>. at 7.) Since then, he has been actively participating in this case, and the only period of inactivity was just over a month, during which his then-counsel moved to withdraw, and this Court issued its sanctions. (<u>Id</u>.) Further, Larry Austin argues that the case law the IRS references in support of its position that he acted with bad faith demonstrates that he has not acted in bad faith, and that the facts therein are wholly distinguishable from the case at bar. (<u>Id</u>. at 7-9.) He simply was unaware of the discovery requests, the motion to compel, and the Court's default order, which does not support such a harsh sanction. (<u>Id</u>. at 9-10.)

Moreover, Larry Austin contends that he did not substantially prejudice the judicial process, as he continues to assert that he never received anything from the IRS or this Court, save a couple of generic phone messages from the IRS following his then-counsel's withdrawal. (Id. at 10.) The phone messages provided no information other than to "discuss the case", nothing regarding outstanding discovery or the impending deposition, and therefore are insufficient under Rule 37 of the Federal Rules of Civil Procedure that justify sanctions. (Id. at 11-12.) Larry Austin also argues that the IRS was untimely in serving its discovery requests pursuant to the amended Scheduling Order. (Id. at 13.) Larry Austin also argues that the IRS's acknowledgement of his cell phone issues shows he was not willfully blind to these proceedings, and they were only for a brief period of time; however, he would not have been able to respond to the IRS because it called him the day it filed its Motion to Compel as well as the day of the deposition. (Id.)

The IRS caused its own prejudice in part because it did not provide any more information to Larry Austin when it left the generic phone messages; the IRS could have advised him that the calls were urgent and advised of the outstanding discovery obligations. (Id. at 13-14.) The IRS also lacks standing to argue that the other parties in this case were prejudiced. (Id. at 14, fn12.)

Finally, Larry Austin argues that it is patently unfair to hold sanctions against him as a *pro se* litigant when the IRS untimely served its discovery requests on him where he could not respond before the discovery deadline prior to December 29, 2016. (Id. at 14.)

Larry Austin asks this Court to vacate the February 15, 2017 Order. (Id. at 15.)

### Discussion

As stated *supra*, the salient facts in this case are not in dispute. The crux of this case hinges on Larry Austin's alleged ignorance of the IRS discovery requests, subsequent motion to compel, and this Court's resultant orders. In his Memorandum of Law supporting his Motion to Reconsider,

Larry Austin advised that he grew up in Mercer County, West Virginia, and through hard work and determination, became a Harvard-educated lawyer, had once enjoyed a "high-powered international law practice" as well as an international business that operated throughout Asia, and that he had at one time earned millions of dollars. (Document No. 63 at 3.)[5] Larry Austin advised further that he suffers from serious health issues and has undergone numerous medical treatments in several hospitals that has plagued him in the last twelve to fifteen years (Document No. 62-1 at 2.) He also advised that he had not lived at the last address known by his long-time counsel, Robert E. Holroyd, for at least four and a half to five years, and has not had a permanent address over the last two years. (Id. at 5.) During this time, "3 different collection teams from the IRS" called for records from "approximately 42 banks" and have "interviewed me repeatedly over the last 11 years[.]" (Id. at 2-3.) Larry Austin learned that Mr. Holroyd had withdrawn as his counsel on the afternoon of January 13, 2017. (Id. at 4.)

These facts collectively undercut his argument that he was simply unaware of his discovery obligations in this case or in keeping abreast of these proceedings. Larry Austin is not an unsophisticated *pro se* litigant: he is a Harvard-educated lawyer, with extensive experience dealing with the IRS from the numerous proceedings he has participated in over several years in both Tax Court and state court, and would have had a firm grasp of his obligations and the stakes involved in this proceeding. The fact that he became aware this Court granted Mr. Holroyd's motion to withdraw as his counsel on January 13, 2017 should have alerted him to contact his former counsel to find out what had happened. However, Larry Austin chose not to do so. In addition, Larry Austin discovered he was without counsel in a matter that he knew involved his family members' interests to real estate that his own tax liens encumbered, but there is no evidence that he attempted to

---

[5] The Court notes that this document concerns Larry Austin's Affidavit attached as an exhibit to his Motion to Reconsider; it was notarized on July 18, 2017 in the County of Fairfax, State of Virginia.

contact any of them once he learned this Court granted his counsel to withdraw. Indeed, his former counsel continued to represent his brother, Defendant Richard Austin, but there is no evidence Larry Austin even attempted to contact him.

Larry Austin learned he was without counsel in this proceeding nearly a month **before** his scheduled deposition and **before** the IRS filed its Motion to Compel him to respond to their second request for discovery. Upon learning his long-time counsel withdrew from representing him in this proceeding, there is no evidence that Larry Austin attempted to contact any of his siblings in this action or that he returned the phone messages to the IRS concerning this case. With respect to the "generic" phone messages left by the IRS, Larry Austin ostensibly claims to have not been aware of his discovery obligations and instead contends the IRS had unclean hands because it failed to provide more detail in its messages. This argument lacks merit. Larry Austin has informed this Court that he participated in a nearly ten year long litigation against the IRS and even his family members became involved in a lengthy litigation as a result of Larry Austin's tax liens against the family real estate. There is no question that Larry Austin was acutely aware of what the IRS wanted, regardless of the "generic" phone messages. Nevertheless, the evidence shows that Larry Austin chose not to return the phone calls and chose not to contact anyone involved in this proceeding since he learned of Mr. Holroyd's withdrawal on "that afternoon" of January 13, 2017. (Id.)

With regard to Larry Austin's argument that the IRS's discovery requests were "untimely", insofar as he would have been unable to complete them before the deadline of December 29, 2016 (Document No. 67 at 14.), the Court finds this argument lacks merit. The Scheduling Order provided that "all discovery **requests**" be completed by December 29, 2016. (Document No. 28 at 1; emphasis supplied.) The Scheduling Order further provided that all depositions be completed

12

by February 13, 2017 and that **"[t]he last date to complete depositions shall be the "discovery completion date"**[.] (Id.; emphasis supplied.)

 With respect to the six factors pursuant to United States v. Shaffer Equip. Co., *supra*, the Court **FINDS** the facts and circumstances indicate that (1) Larry Austin is solely responsible for his own "culpable" conduct herein; (2) there is no evidence whatsoever that his attorney or anyone else was responsible for Larry Austin's alleged ignorance of his discovery obligations or the consequences that followed; (3) Larry Austin's conduct did prejudice the judicial process, as it was only because of his choice to ignore these proceedings even after learning his long-time attorney withdrew from representing him that caused a delay in these proceedings to go to trial as scheduled; (4) the prejudice to the IRS notwithstanding, the Court cannot ignore the prejudice to the innocent parties to this case, Larry Austin's own family, who, through their attorneys announced to the Court that if the settlement they finally reached at mediation in April 2017 after many years of litigation was overturned because of Larry Austin's motion to reconsider, would be substantially prejudiced as a result; (5) there are no other sanctions available to rectify the wrong done by Larry Austin because the settlement finally reached by his family members with regard to the family real estate would be for naught if this Court were to grant his motion to reconsider; and finally, (6) the February 15, 2017 Order serves the public interest because if other litigants were permitted to conduct themselves in a manner akin to Larry Austin, then no proceedings could ever be disposed of efficiently and the judicial process would be frustrated by any litigant who decides to unilaterally not participate without cause.

 The Court **FURTHER FINDS** that under the four factors promulgated by Mut. Fed. Sav. and Loan Ass'n v. Richards & Assoc., Inc., *supra*, (1) Larry Austin has demonstrated bad faith, as evidenced by his willful blindness to these proceedings and expectation that the IRS and this Court

13

should have done more to keep him informed of these matters that have been pending for several years even before this action was removed to this Court. (2) Larry Austin's conduct prejudiced the IRS by his failure to respond to discovery requests that were material to the tax liens against the family real estate; his conduct negatively affected these proceedings as well, resulting in his family members' involvement in this needlessly protracted litigation in an attempt to settle their respective interests. (3) Despite Larry Austin's awareness of this proceeding and the implications of his tax liens to his family members' real estate interests, this Court's February 15, 2017 Order is necessary to deter his noncompliance. (4) Indeed, the Court employed less drastic sanctions in an attempt to deter Larry Austin to comply with his discovery obligations, by granting the IRS motion to compel, by granting his long time attorney to withdraw as his counsel, however, those proved ineffective. Larry Austin, although having been aware of these proceedings for several months, still did not bother to contact his former lawyer, the other family member litigants, or even return the phone messages left by the IRS to determine what had happened.

Accordingly, this Court's sanction was warranted, therefore, Larry Austin's Motion to Reconsider is hereby **DENIED** for the reasons aforesaid. (Document No. 62.) This is a **FINAL ORDER**.

The Clerk of the Court is directed to distribute this Order to all counsel of record and to any unrepresented party.

ENTERED: September 26, 2017.

Omar J. Aboulhosn
United States Magistrate Judge